IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| D'armond Kethon Demmons, ) | |
| ) | CIVIL ACTION NO. 9:10-0322-MBS-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Sargent Rosemary Sanders and ) | |
| Captain Cliff McElvogue, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate at the Berkeley County Detention Center, alleges violations of his constitutional rights by the named Defendants.[1]

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on December 15, 2010. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on December 21, 2010, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case.

However, notwithstanding the specific warning and instructions as set forth in the

---

[1] The original Complaint was signed by four (4) different inmates, and has been separated into four (4) separate Complaints. This action involves only the Plaintiff Demmons.



Court's Roseboro order, Plaintiff failed to file any opposition to the Defendants' motion, which is now before the Court for disposition.[2]

### Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Rule 56(c), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and evidence presented, the undersigned finds and concludes that the Defendants are entitled to summary judgment in this case.

Defendants assert that they are entitled to summary judgment, inter alia, on the ground that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42

---

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion this Report and Recommendation is entered for review by the Court.



U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See Booth v. Churner, 532 U.S. 731 (2001); Jones v. Bock, 549 U.S. 199, 211 (2007)["Exhaustion is mandatory under the PLRA [Prison Litigation Reform Act] and . . . unexhausted claims cannot be brought in Court"]; see also Porter v. Nussle, 534 U.S. 516, 524 (2002)[exhaustion required for all actions brought with respect to prison conditions]. Hence, before Plaintiff could bring this lawsuit, he was required to first exhaust available administrative remedies at the Detention Center.

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]. To meet this burden, the Defendants have provided an Affidavit from Defendant Clifford McElvogue, who attests that he is the Director of the Detention Center. McElvogue attests that an inmate grievance policy existed at the Detention Center throughout the time Plaintiff was an inmate at the Detention Center, that the Detention Center Inmate Rules explain the grievance process to each inmate, and that the Plaintiff received a copy of those inmate rules on August 15, 2009 when he signed for his copy of the Rules. McElvogue further attests that he has searched the Plaintiff's entire inmate file, and found only one Inmate Request Form submitted by the Plaintiff in which Plaintiff requested medical attention. See Exhibit attached to Affidavit [Inmate Request Form] (Court Docket No. 20-1, p. 5).³ Defendants have also submitted a copy of

---

³Submission of an inmate request form is not sufficient to exhaust a grievance remedy. Davis v. Minthorn, No. 05-326, 2006 WL 2222700 (E.D.Tenn. Aug. 2, 2006).



Requests to Admit that were submitted to the Plaintiff. Question No. 14 asks Plaintiff to admit "[t]hat you never submitted any grievance forms related to the causes of action listed in your Complaint"; while Request to Admit No. 15 asks Plaintiff to admit "[t]hat an official grievance policy exists at the [Berkeley County] Detention Center". Defendants' counsel has submitted an affidavit attesting that Plaintiff was served with the Requests to Admit on November 5, 2010, and that Plaintiff did not reply to the Requests to Admit. These Requests are therefore deemed admitted. See Rule 36(a)(3), Fed.R.Civ.P.; see also Charleston Bank Consortium v. National Union Fire Ins. Co., No 07-3856, 2009 WL 4157603 at * 5 (D.S.C. Nov. 23, 2009). Finally, as previously noted, Plaintiff has not filed any opposition to the Defendants' motion, nor disputed the arguments made by defense counsel in any way.

This evidence is sufficient to meet the Defendants' burden of establishing Plaintiff's failure to exhaust his administrative remedies. Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must purse the administrative remedy or be precluded from seeking relief in the courts"]; Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)["It is beyond the power of this court-or any other to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."](quoting Beeson v. Fishkill Corr. Facility, 28 F.Supp. 2d 884, 894-895 (S.D.N.Y. 1998)); Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies].

## Conclusion

Based on the foregoing, it is recommended that the Defendants' Motion be **granted**, and that this case be **dismissed**, without prejudice, for failure of the Plaintiff to exhaust his



administrative remedies prior to filing this lawsuit.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

February 2, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

